IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| COASTAL BEND ENTERPRISES LLC, D/B/A BIG HOUSE BURGERS AND BIG HOUSE BAR BQ § § § § *Plaintiff* § § VS. § EVANSTON INSURANCE COMPANY, § BRUSH COUNTY CLAIMS, LTD AND § MICHAEL COX § § *Defendants* | | CIVIL ACTION NO. 2:17-cv-322 |

### DEFENDANT EVANSTON INSURANCE COMPANY'S
### NOTICE OF REMOVAL

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Evanston Insurance Company ("Evanston") files this Notice of Removal and respectfully shows the Court as follows:

**FACTUAL AND PROCEDURAL BACKGROUND**

1.  This case involves a dispute over insurance coverage for alleged property damage under Evanston Policy No. 2CW1469.

2.  On September 1, 2017, Plaintiff Coastal Bend Enterprises LLC, D/B/A Big House Burgers and Big House Bar BQ ("Plaintiff") filed its Original Petition in the matter styled *Coastal Bend Enterprises LLC, D/B/A Big House Burgers and Big House Bar BQ v. Evanston Insurance Company, Brush County Claims, LTD, and Michael Cox*; Cause No. 17-453-D; In the 105th Judicial District Court, Kleberg County, Texas ("State Action"), in which Plaintiff asserts claims for

breach of contract, common law bad faith, and violations of the Texas Insurance Code. Evanston received the suit for the first time on September 16, 2017 from Brush County Claims, LTD.

**BASIS FOR REMOVAL**

**A.     Plaintiff and Evanston Are Diverse.**

3.     Removal is proper under 28 U.S.C. §§§ 1332(a)(1), 1441(a), and 1446. There is complete diversity of citizenship and the amount in controversy is above the required limit.

4.     Upon information and belief, Plaintiff is a limited liability company operating in Kingsville, Texas.

5.     Defendant Evanston is a corporation organized and existing under the laws of Illinois, with its principal place of business in Deerfield, Illinois.

6.     Attached hereto as Exhibit "A" is the Index of Matter Being Filed. A copy of the Kleberg County Clerk's Docket Sheet and file for this case is attached as Exhibit "B", which includes true and correct copies of executed process, pleadings, and orders. Attached hereto as Exhibit "C" is Evanston's List of All Counsel of Record.

**B.     Defendants Brush County Claims, LTD and Michael Cox Have Been Improperly Joined**

7.     Upon information and belief, Defendants Brush County Claims, LTD ("Brush") and Michael Cox ("Cox") are citizens of Texas; however, they have been improperly joined.

8.     A party may establish improper joinder when it shows the plaintiff's inability to establish a state-law claim against the non-diverse defendants. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004), cert. denied, 544 U.S. 992 (2005); *Griggs v. State Farm Lloyd's*, 181 F.3d 694, 699 (5th Cir. 1999). The test for improper joinder is that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood,* 385 F.3d at 573; *See Lakewood Chiropractic Clinic v.*

*Travelers Lloyds Ins. Co.*, 2009 WL 3602043, at *1 (S.D. Tex. Oct. 27, 2009). The court may conduct the test using a Rule 12(b)(6) analysis of the complaint to determine whether the plaintiff states a claim or using a summary inquiry to identify discrete and undisputed facts that would preclude recovery. *See Id*. In other words, the failure to specify a factual and legal basis for a claim against a non-diverse party constitutes a failure to state a claim and results in fraudulent joinder of that party. *Waters v. State Farm Mut. Auto. Ins. Co*., 158 F.R.D. 107, 109 (S.D. Tex. 1994). Additionally, "merely pleading a valid state law claim . . . against the resident defendant does not mean that the joinder of the resident defendant is not fraudulent." *Hornbuckle v. State Farm Lloyd's*, 385 F.3d 538, 542 (5th Cir. 2004). "Specific actionable conduct" must be alleged. *See Okenkpu v. Allstate Texas Lloyd's,* Civ. A. H-11-2376, 2012 WL 1038678 at *7 (S.D. Tex. Mar. 27, 2012) [citing *Centro Cristiano Cosecha Final, Inc. v. The Ohio Casualty Ins. Co*., Civ. A. No. H–10–1846, 2011 WL 240335, *14 (S.D. Tex. Jan. 20, 2011)].

9. Although some federal courts in Texas were previously split on whether the Texas "fair-notice" standard or the federal pleading standard should apply when evaluating a state court petition to determine if there is a sufficient factual or legal basis for claims against a non-diverse party, recent federal authority supports the conclusion that the more stringent federal standard should apply. This is because Texas enacted Texas Rule of Civil Procedure 91a, which is akin to Federal Rule of Civil Procedure 12(b)(6)."The court recognizes that the Texas fair notice standard must be considered in context with Rule 91a of the Texas Rules of Civil Procedure." *Conrad v. SIB Mortgage Corp*., No. 4:14-CV-915-A, 2014 WL 6058234, at *2 n.4 (N.D. Tex. Nov. 13, 2014); see also *One Way Investments, Inc. v. Century Sur. Co.*, No. 3:14-CV-2839-D, 2014 WL 6991277, at *3 (N.D. Tex. Dec. 11, 2014) (relying on Rule 91a when holding that the plaintiff's motion for remand should be denied in light of the plaintiff's failure to assert viable

causes of action against the non-diverse adjuster defendant, as required by Rule 91a); *Craig Penfold Properties, Inc. v. Travelers Cas. Ins. Co.*, No. 3:14-CV-326-L, 2014 WL 4055356, at *4 (N.D. Tex. Aug. 14, 2014) (denying the plaintiff's motion to remand because of the plaintiff's failure to state a claim against the non-diverse adjuster defendant, the court examined the allegations of the plaintiff's amended petition in the context of Rule 91a and concluded the adjuster was improperly joined); *Oldham v. Nationwide Ins. Co. of Am.*, No. 3:14-CV-575-B, 2014 WL 3855238, at *9 (N.D. Tex. Aug. 5, 2014) (noting the applicable Texas "fair notice" pleading standard as informed by the new Rule 91a).

10. Plaintiff alleges that Brush and Cox were agents of Evanston and failed to adjust the claim properly by failing to inspect the property, request information, respond to requests for information, and adequately investigate. *See Plaintiff's Original Petition*. Plaintiff further alleges that statements were made by Brush and Cox, which Plaintiff reasonably relied upon, resulting in damage to Plaintiff. Plaintiff fails to specify exactly was statements were made by Brush and Cox.

11. The claim at issue, no matter how Plaintiff couches it in its lawsuit, is whether Plaintiff is owed any amount for a covered loss. A *bona fide* dispute as to coverage or the amount of the claim precludes claims of bad faith and Insurance Code violations as a matter of law. Plaintiff's assertions against the non-diverse Brush and Cox fail to show any likelihood of recovery against the non-diverse Defendants. Plaintiff, by its own admission, states that Brush and Cox were acting on behalf of Evanston. Therefore, Brush and Cox had no duty owed to Plaintiff outside of adjusting the claim for Evanston. Plaintiff has no legal or factual basis for claims against Brush or Cox. Thus, the citizenship of the non-diverse Defendants is disregarded and removal of this case is proper.

12. In Plaintiff's Original Petition ("Original Petition"), "Plaintiff seeks monetary relief over $200,000 but nor more than $1,000.000 at this time." Plaintiff seeks to recover attorney's fees, statutory penalties, pre-and post-judgment interest and damages for breach of contract and violations of the Texas Insurance Code. Accordingly, the amount in controversy exceeds the jurisdictional removal requirement of $75,000.Thus, by virtue of diversity of citizenship, and amount in controversy, the United States District Courts have original jurisdiction over this case. **REMOVAL IS PROCEDURALLY CORRECT**

13. Evanston has not yet been served, but received a copy of the petition on September 16, 2017 from Brush. Evanston files this Notice of Removal within the thirty-day time period required by 28 U.S.C. § 1446(b).

14. Venue is proper in this district and division under 28 U.S.C. § 1446(a) because this district and division include county in which the State Action has been pending, and because a substantial part of the events giving rise to the Plaintiff's claims allegedly occurred in this district and division.

15. Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders, and all other filings in the State Action are attached to this Notice.

16. Pursuant to 28 U.S.C. § 1446(d), promptly after Evanston files this Notice, written notice of the filing will be given to the Plaintiff, the adverse party.

17. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of Kleberg County, promptly after Evanston files this Notice.

## CONCLUSION

18. Based upon the foregoing and the other documents filed contemporaneously with this Notice, all fully incorporated herein by reference, Defendant Evanston Insurance Company hereby removes this case to this Court for trial and determination.

Respectfully submitted,

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**

By: */s/     Cyrus Haralson*
Cyrus W. Haralson
Texas Bar No. 24065371
Email: charalson@thompsoncoe.com
Saira S. Siddiqui
Texas State Bar No. 24093147
Email: ssiddiqui@thompsoncoe.com
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8210
Facsimile: (713) 403-8299

**COUNSEL FOR DEFENDANT EVANSTON INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2017, a true and correct copy of foregoing instrument was served on all counsel of record by the Court's ECF system.

*/s/     Saira Siddiqui*
SAIRA SIDDIQUI