**CIVIL DOCKET**

**CASE NO.** 17-453-D

S/M Inc. DALLAS, TX 1-800-448-7022

| NUMBER OF CASE | NUMBER OF PARTIES | ATTORNEYS | Kind of Action and Party Demanding Jury | DATE OF FILING |
|---|---|---|---|---|

| | | | | Mo. | Day | Year |
|---|---|---|---|---|---|---|
| 17-453-D | COASTAL BEND ENTERPRISES LLC DBA BIG HOUSE BURGERS AND BIG HOUSE BAR BQ | MATTHEW PEARSON  Pltf. | CONTR—OTHER CONTRACT | 09 | 01 | 17 |

Jury Fee

**FEE BOOK**
Vol.     Page

VS
EVANSTON INSURANCE COMPANY
BRUSH COUNTRY CLAIMS, LTD
AND MICHAEL COX
Dft.

Paid by

Jury No.

**DATE OF ORDERS**
Month   Day   Year

ORDERS OF COURT

**MINUTE BOOK**
Vol.   Page

PROCESS

STATE OF TEXAS
COUNTY OF KLEBERG

I certify that the foregoing is a true and correct copy
of the original record on file in my office. Given
under my hand and seal of the court at my office in
Kingsville, Texas, this OCT 12 2017

JENNIFER L. WHITTINGTON, DISTRICT CLERK

By _____ Deputy

**EXHIBIT B**

E-Filed for Record
9/1/2017 2:29 PM
Jennifer Whittington, District Clerk
Kleberg County, TX
By: Amelia Carbajal

CAUSE NO. 17-453-D

| | | |
|---|---|---|
| COASTAL BEND ENTERPRISES LLC, D/B/A BIG HOUSE BURGERS AND BIG HOUSE BAR BQ | § § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| VS. | § § | 105th  JUDICIAL DISTRICT |
| EVANSTON INSURANCE COMPANY; BRUSH COUNTRY CLAIMS, LTD and MICHAEL COX | § § § § | |
| Defendants. | § § | KLEBERG COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, COASTAL BEND ENTERPRISES, LLC D/B/A BIG HOUSE BURGERS AND BIG HOUSE BAR BQ, and files this Original Petition against Defendants Defendants EVANSTON INSURANCE COMPANY ("Evanston" or "Insurance Defendant") BRUSH COUNTRY CLAIMS, LTD ("Brush Country" or "BCC"), and MICHAEL COX ("Adjuster" or "Cox") and for causes of action would respectfully show the Court the following:

### I. DISCOVERY LEVEL

Pursuant to Rule 190 of the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery under Level 3.

### II. VENUE

Venue is appropriate in Kleberg County, Texas because all or part of the conduct giving rise to the causes of action were committed in Kleberg County, Texas and the Plaintiff and the properties which is the subject of this suit are located in Kleberg County, Texas.

### III. PARTIES

Plaintiff, COASTAL BEND ENTERPRISES, LLC D/B/A BIG HOUSE BURGERS AND BIG HOUSE BAR BQ is company operating in Kingsville, Kleberg, County, Texas.

Defendants EVANSTON INSURANCE COMPANY is in the business of insurance in the State of Texas. The insurance business done by Evanston Insurance Company in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with the Plaintiff;

- The taking or receiving of application for insurance, including the Plaintiff's application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiff; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiff.

Defendants, **EVANSTON INSURANCE COMPANY,** may be cited with process by Certified Mail, Return Receipt Requested to the Commissioner of Insurance, c/o David Mattax, at 333 Guadalupe Street, Austin, Texas 78701. The Commissioner is requested to serve Evanston Insurance Company via Certified Mail Return Receipt Requested to the agent of service for Evanston Insurance Company at the address listed with the Texas Department of Insurance, 10 Parkway North, Deerfield, IL 60015 or such other address on file with the Commissioner of Insurance.

Defendants, **BRUSH COUNTRY CLAIMS, LTD,** engages in the business of insurance in Texas and may be served with process by serving its registered agent of service via certified mail, return receipt requested, to Richard W. Myers, 508 Cedar Drive, Georgetown, Texas 78628.

2

Defendants, **MICHAEL COX**, is engaged in the business of insurance adjusting and may be cited with process of service via certified mail, return receipt requested, at his last known business address at P.O. Box 8246, Corpus Christi, TX 78468.

### IV. NATURE OF THE CASE; RELIEF SOUGHT

This is a first-party insurance case stemming from extensive damage to Plaintiff's places of business and its contents caused by wind, water and hail damage. Plaintiff seeks damages for, breach of contract, violations of the Texas Insurance Code, and common law bad faith. Plaintiff also seeks its attorney's fees, statutory penalties, costs of court and pre- and post-judgment interest. As required by Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000 at this time. Plaintiff reserves the right to amend this statement as discovery and its investigation continue.

### V. BACKGROUND FACTS

Plaintiff owns Big House Burgers and Big House Bar BQ located at 2209 S. Brahma Blvd, Kingsville, Texas and 109 S. Highway 77 Bypass, Kingsville, Texas. The Policy covered the properties, its contents, and the loss of business income, against loss by wind, hail and storm damage among other perils. Defendant provided coverage to the Plaintiff for such buildings, properties, and other matters under insurance policies described above

As the consequence of a storm on May 31, 2016. Plaintiff's properties sustained extensive hail and water related damage to the exterior and interior. Plaintiff has performed all conditions precedent to its recovery under the Policy.

Plaintiff gave timely notice to the carrier.

The carrier assigned the claim to the adjuster, among others, to investigate, report on and adjust the loss.

3

Plaintiffs provided information to the adjuster and opportunities for the adjuster to inspect the properties.

The Defendant failed and refused to pay Plaintiff in accordance with their promises under the Policy.

Plaintiff has suffered property damage which has not been paid, even though the amounts are well-established and have been provided to Evanston.

Evanston has failed to make an attempt to settle Plaintiff's claim in a fair manner, although its liability to Plaintiff under the Policy is without dispute. This conduct is in violation of Tex. Ins. Code Sec. 541.060(a)(2)(A).

Evanston refused to fully compensate Plaintiff under the terms of the Policy even though Evanston failed to conduct a reasonable investigation. Evanston performed a result-oriented investigation of Plaintiff's claim which resulted in an unfair, biased and inequitable evaluation of Plaintiff's losses. This conduct is in violation of Tex. Ins. Code Sec. 541.060(a)(7).

Evanston failed to accept or deny Plaintiff's full and entire claim within the time period mandated by statute. This conduct is a violation of Tex. Ins. Code Sec. 542.056.

Evanston failed to meet its obligation under the Texas Insurance Code regarding payment of the claim without delay. This conduct is in violation of Tex. Ins. Code Sec. 542.058.

Plaintiff cooperated with Evanston yet Evanston made duplicative and unreasonable requests in order to delay paying Plaintiff for the covered damages from the storm. Evanston breached the policy of insurance by failing to pay for the covered damages to the properties. In addition, Plaintiff seeks extra-contractual damages from Evanston for their handling of the claim. Plaintiff provided Evanston with more than adequate information to determine coverage.

4

The Defendant and the adjuster forced Plaintiff to file this suit by offering substantially less than the amount of covered damages. This conduct violates Texas Insurance Code § 542.003(b)(5) and 28 TAC § 21.203(5).

The Insurance Defendants failed to meet its obligation under the Texas Insurance Code regarding payment of the claim without delay. This conduct is a violation of Tex. Ins. Code Sec. 542.058.

Plaintiff asserts claims for declaratory judgment, breach of contract, violations of the Texas Insurance Code and bad faith relating to the loss to the Properties. Plaintiff owns and/or is an insured on the Properties.

## VI. CLAIMS AGAINST EVANSTON INSURANCE COMPANY

**Declaratory Judgment.** Plaintiff re-alleges the foregoing paragraphs. Pursuant to Texas Civil Practices and Remedies Code, Chapter 37. Plaintiff seeks a declaration that the Policy provides coverage for the cost to repair the damaged properties, less only a deductible, among other things. In the alternative, Plaintiff asserts that the Policy is ambiguous and must be interpreted in favor of coverage and against the Defendant.

**Breach of Contract.** Plaintiff re-alleges the foregoing paragraphs. The acts and omissions of Evanston and its agents constitute a breach of Evanston's contract with Plaintiff. Plaintiff has satisfied all conditions precedent to the fulfillment of their contractual demands. The damage to Plaintiff's properties caused by the storm is covered under the policy issued by Evanston and Evanston has failed to pay for all covered damage. Accordingly, additionally or in the alternative, Plaintiff brings an action for breach of contract against Evanston pursuant to Texas statutory and common law, including Chapter 38 of the Texas Civil Practice and Remedies Code, and seeks all

of its damages for such breach, including actual damages, consequential damages, attorneys' fees, prejudgment interest, other litigation expenses and costs of court.

**Violations of the Texas Insurance Code.** Plaintiff re-alleges the foregoing paragraphs. At all pertinent times, Evanston was engaged in the business of insurance as defined by the Texas Insurance Code. The acts and omissions of Evanston and its agents constitute one or more violations of the Texas Insurance Code. Specifically, Evanston failed to conduct a reasonable investigation and timely and fully pay Plaintiff for the damage to its properties. Instead of evaluating the damage objectively, Evanston, through its agents, looked for ways to underpay Plaintiff's claim. Evanston's conduct described herein violates the following provisions of the Texas Insurance Code:

1. Insurance Code chapter 542, the Prompt Payment Act.

2. Insurance Code § 542.003(b)(5) and 28 TAC § 21.203.

3. Insurance Code chapter 541, section 541.060 by, among other things:

   • failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear;

   • failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which liability has become reasonably clear in order to influence Plaintiff to settle its claim with respect to another portion of the policy;

   • refusing to pay Plaintiff's claim without conducting a reasonable investigation.

Where statements were made by the Insurance Company, Plaintiff reasonably relied upon them. As a result of the foregoing conduct, which was and is the producing cause(s) of injury and damage to Plaintiff, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages. Moreover, one or more of the foregoing acts or omissions

6

were "knowingly" made, entitling Plaintiff to seek treble damages pursuant to the Insurance Code. EVANSTON has also violated the Prompt Payment Act, and Plaintiff seeks 18% damages as a penalty, plus reasonable and necessary attorney's fees incurred as a result of these violations.

**Common Law Bad Faith.** Plaintiff re-alleges the foregoing paragraphs. EVANSTON has refused to pay or delayed in paying a claim after liability has become reasonably clear. EVANSTON has refused to pay, delayed in paying or offered grossly inadequate and unconscionable sums to settle the claims submitted by Plaintiff. This constitutes a breach of its common law duty of good faith and fair dealing' *i.e.*, it is acting in "bad faith."

Moreover, EVANSTON has "investigated" and "adjusted" Plaintiff's claim in a malicious, intentional, fraudulent and/or grossly negligent fashion, and Plaintiff is entitled to extra-contractual damages, including exemplary damages. Plaintiff has sustained serious damage to its properties as a result of EVANSTON's refusal to honor the Policy. EVANSTON is well aware that its actions involve an extreme risk that Plaintiff will suffer financial damage as a result of its refusal to honor its obligations, yet it is consciously indifferent to Plaintiff's rights. Plaintiff is entitled to recover its actual damages, consequential damages, punitive damages, and pre-and post-judgment interest.

**Attorney's fees.** Plaintiff re-alleges the foregoing paragraphs. Plaintiff has been required to engage the services of the undersigned attorneys and have agreed to pay their attorneys a reasonable fee for services expended and to be expended in the prosecution of their claims against the Insurance Defendants through the trial court and all levels of the appellate process. Plaintiff seeks the recovery of all of its attorney's fees and expenses.

With respect to all causes of action asserted herein, Plaintiff seeks the recovery of prejudgment and post-judgment interest.

**VII. CLAIMS AGAINST BRUSH COUNTRY CLAIMS, LTD AND MICHAEL COX**

**Violations of the Texas Insurance Code.** Plaintiff re-alleges the foregoing paragraphs. At all pertinent times, Brush Country and Cox were engaged in the business of insurance as defined by the Texas Insurance Code. The acts and omissions of Brush Country, Cox and their agents constitute one or more violations of the Texas Insurance Code. More specifically, Brush Country and Cox, among other violations, violated the following provisions of the Code:

1. Insurance Code chapter 541, section 541.060 by, among other things:

- misrepresenting one or more material facts and/or policy provisions relating to coverage;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which liability has become reasonably clear in order to influence Plaintiff to settle his claim with respect to another portion of the policy;

- failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiff's claims;

- refusing to affirm or deny coverage within a reasonable time; and/or

- refusing to pay Plaintiff's claim without conducting a reasonable investigation.

The foregoing paragraphs are incorporated herein. The Insurance Defendant assigned the loss and the claim to Brush Country and Cox who were at all pertinent times the agents of the Insurance Defendant, through both actual and apparent authority. The acts, representations and omissions of Brush Country and Cox are attributed to the Insurance Defendant.

Despite having been assigned the claim, and despite being given authority and instructions to inspect, adjust and evaluate the claim, Brush Country and Cox failed and refused to adjust the claim properly. Brush Country and Cox failed to inspect the property and the damages, failed to request information, failed to fully investigate the claim, failed to respond to requests for

8

information from Plaintiff, failed to timely evaluate the claim, failed to timely estimate the claim, and, failed to timely and properly report to the Insurance Defendant and make recommendations to the Insurance Defendant.

Plaintiff provided information regarding the loss and the claim to Brush Country and Cox. Plaintiff allowed Brush Country and Cox full and complete access to the property. Plaintiff provided sufficient information to Brush Country and Cox to adjust and evaluate the loss. Plaintiff made inquiries regarding the status of the loss and payment. Brush Country and Cox failed and refused to respond to the inquiries and failed to properly adjust the claim and the loss. As a result, to this date, Plaintiff has not received full payment for the claim.

Brush Country and Cox's actions were reckless, willful and intentional, and were the proximate and producing cause of damages to the Insured.

Where statements were made by the Brush Country and Cox, Plaintiff reasonably relied upon them. As a result of the foregoing conduct, which was and is the producing cause(s) of injury and damage to Plaintiff, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages. Moreover, one or more of the foregoing acts or omissions were "knowingly" made, entitling Plaintiff to seek treble damages pursuant to the Insurance Code.

Upon information and belief, Evanston Insurance Company relied solely on the Brush Country and Cox's estimate and recommendations in making payment on Plaintiff's claim. Specifically, Brush Country and Cox recommended that the Insurance Defendant pay the property damage portion of Plaintiff's claim to Plaintiff's mortgage company and deny Plaintiff's claims for business interruption and business personal property damage based on the Protective Safeguards endorsement and Mortgage holders clause of the policy.  Without conducting a

reasonable investigation, and with the knowledge that no automatic sprinkler system ever existed at Plaintiff's property, Brush Country and Cox recommended denial of portions of Plaintiff's claim.

Brush Country and Cox were responsible for scoping, adjusting, and estimating the claim. Brush Country and Cox's failure to properly scope and estimate the loss directly led to the underpayment of Plaintiff's claim. Likewise, Brush Country and Cox's inadequate investigation lead to their recommendation to deny portions of Plaintiff's claim. As a result of Brush Country and Cox's conduct, the Insurance Defendant significantly underpaid the claim.

## VIII. CONDITIONS PRECEDENT

All conditions precedent for Plaintiff to recover under the Policy has been or will be met.

## IX. JURY DEMAND

Plaintiff requests that a jury be convened to try the factual issues in this action.

## X. REQUEST FOR DISCLOSURE

Pursuant to the Texas Rules of Civil Procedure 194, Plaintiff requests that Defendants provide the information required in a Request for Disclosure.

## XI. REQUEST FOR PRODUCTION TO EVANSTON INSURANCE COMPANY

Produce complete claim file for Plaintiff's properties relating to or arising out of any damage which occurred.

Produce the complete underwriting file for Plaintiff's properties which is the subject of this suit.

Produce all emails, notes, and other forms of communication between Evanston, its agents, Adjusters, employees, or representatives relating to, mentioning, concerning or evidencing the Plaintiff's properties which are the subject of this suit.

Produce the underwriting file, application for insurance and any notes, logs, statements or inspections created or produced during the application process of the Policy at issue in this suit.

Produce any and all documents that show, state, or otherwise evidence any statement made by, or on behalf of Plaintiff, that a fire suppression system was, or had ever been, installed at Plaintiff's Properties.

## XII. PRAYER

WHEREFORE, Plaintiff seeks the following relief:

A.     The Court's declaration that the Policy provides coverage for the damage to the properties, less only a deductible;

B.     Alternatively, a ruling that the Policy is ambiguous and must be interpreted in favor of coverage and in favor of Plaintiff;

C.     Damages against Defendant Evanston Insurance Company for breach of contract, including actual damages, consequential damages, attorneys' fees, pre- and post-judgment interest, other litigation expenses and costs of court;

D.     Damages against the Defendants for Insurance Code and extra-contractual claims including actual, exemplary and/or treble damages;

E.     Penalty in the amount of 18% damages for violations of the Prompt Payment Act;

F.     Attorneys' Fees;

G.     Any other relief to which Plaintiff would be justly entitled.

Respectfully submitted,

MATTHEW R. PEARSON
State Bar No. 00788173
mpearson@gplawfirm.com
JONATHAN C. LISENBY
State Bar No. 24072889
jlisenby@gplawfirm.com
GRAVELY & PEARSON, L.L.P.
425 Soledad, Suite 600
San Antonio, Texas  78205
Telephone:  (210) 472-1111
Facsimile:  (210) 472-1110


ATTORNEYS FOR PLAINTIFF

STATE OF TEXAS
COUNTY OF KLEBERG

I certify that the foregoing is a true and correct copy
of the original record on file in my office. Given
under my hand and seal of the court at my office in
Kingsville, Texas, this _____

JENNIFER L. WHITTINGTON, DISTRICT CLERK

By _____ Deputy

| CLERK OF THE COURT | ATTORNEY FOR PLAINTIFF OR PLAINTIFF |
|---|---|
| **JENNIFER WHITTINGTON, DISTRICT CLERK**<br>P.O. Box 312<br>Kingsville, Texas 78364-0312 | MATTHEW R PEARSON, ATTORNEY AT LAW<br>425 SOLEDAD, SUITE 600<br>SAN ANTONIO, TEXAS 78205 |

### THE STATE OF TEXAS

**NOTICE TO DEFENDANT:** "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the Clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

To: **BRUSH COUNTRY CLAIMS, LTD, by serving its Reg. Agent: RICHARD W. MYERS**
**508 CEDAR DRIVE**
**GEORGETOWN, TEXAS 78628**                                                      Defendant, Greeting:

YOU ARE HEREBY COMMANDED to appear by filing a written answer to Plaintiff's
**PLAINTIFF'S ORIGINAL PETITION**

at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable District Court, 105th District of Kleberg County, Texas, at the Court house of said County in Kingsville, Texas.

Said Plaintiff's Petition was filed in said Court on the **1st** day of **September, 2017** in this case, numbered **17-453-D** on the docket of said court and styled,

> **COASTAL BEND ENTERPRISES LLC DBA**
> **BIG HOUSE BURGERS AND BIG HOUSE BAR QUE**
> **VS**
> **EVANSTON INSURANCE COMPANY; BRUSH**
> **COUNTRY CLAIMS, LTD AND MICHAEL COX**

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's
**PLAINTIFF'S ORIGINAL PETITION**

accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Kingsville, Texas, this the **7th** day of **September, 2017.**

JENNIFER WHITTINGTON, DISTRICT CLERK
KLEBERG COUNTY, TEXAS

By _____
Amelia Carbajal, Deputy Clerk

**OFFICER'S RETURN**

Came to hand on the _____ day of _____, 20 __ at _____o'clock __.M. and executed in _____County, Texas by delivering to each of the within named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the Plaintiff's Petition, at the following times, to wit:

| NAME | DATE | TIME |
|------|------|------|
|      |      |      |
|      |      |      |
|      |      |      |
|      |      |      |

And not executed as to the defendant _____

and the information received as to the whereabouts of said defendant, being _____

FEE-Serving $_____

_____
SHERIFF/CONSTABLE
_____County,Texas
By_____, Deputy

**CERTIFICATE OF DELIVERY**

I do hereby certify that I delivered to _____
on the _____ day of _____, 20 ___ at _____o'clock __.M. a copy of this instrument.

_____
SHERIFF/CONSTABLE
_____County, Texas
By_____, Deputy

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF,CONSTABLE OR CLERK OF THE COURT.**

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve a citation must sign the return. If he return is signed by a person other than a sheriff, constable, or the clerk of the court, the return must either be verified or signed under penalty of perjury. A return signed under penalty of perjury must contain the following statement:

My name is _____, my date of birth is _____, and my address is _____.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.**

Executed in _____County,State of _____, on the _____ day of _____, 20_____.

_____
Declarant/ Authorized Process Server

_____
ID# & Expiration of Certification

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 7th_____ day of September, 2017 in

Cause No. 17-453-D_____ Styled:

> **COASTAL BEND ENTERPRISES LLC DBA**
> **BIG HOUSE BURGERS AND BIG HOUSE BAR**
> **QUE**
> **VS**
> **EVANSTON INSURANCE COMPANY; BRUSH**
> **COUNTRY CLAIMS, LTD AND MICHAEL COX**

in the 105th District Court of Kleberg County, Texas there was mailed by United States Certified Mail, deliver to Addressee Only, Return Receipt Requested a true copy of AFFIDAVIT AND PROOF OF MAILING-FILING OF AN ORIGINAL PETITION   with a copy of the Citation in said Cause to:

> BRUSH COUNTRY CLAIMS, LTD
> REG AGENT:  RICHARD W MYERS
> 508 CEDAR DRIVE
> GEORGETOWN, TEXAS  78628

I further certify that attached hereto is the return receipt for said document.

This the ____18TH__ day of SEPTEMBER, 2017

JENNIFER WHITTINGTON, District Clerk
Kleberg County, Texas



STATE OF TEXAS
COUNTY OF KLEBERG

I certify that the foregoing is a true and correct copy
of the original record on file in my office. Given
under my hand and seal of the court at my office in
Kingsville, Texas, this _____

JENNIFER L. WHITTINGTON, DISTRICT CLERK

By_____Deputy

CLERK OF THE COURT

**JENNIFER WHITTINGTON, DISTRICT CLERK**
P.O. Box 312
Kingsville, Texas 78364-0312

ATTORNEY FOR PLAINTIFF OR PLAINTIFF

MATTHEW R PEARSON, ATTORNEY AT LAW
425 SOLEDAD, SUITE 600
SAN ANTONIO, TEXAS 78205

**ORIGINAL**

### THE STATE OF TEXAS

**NOTICE TO DEFENDANT:** "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the Clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

To:   **EVANSTON INSURANCE CO, by serving Commissioner of Insurance c/o David Mattax with Process to be forwarded to EVANSTON INSURANCE CO with the TEXAS DEPARTMENT OF INSURANCE**
  **10 PARKWAY NORTH**
  **DEERFIELD, IL 60015**                                          Defendant, Greeting:

YOU ARE HEREBY COMMANDED to appear by filing a written answer to Plaintiff's
**PLAINTIFF'S ORIGINAL PETITION**

at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable District Court, 105th District of Kleberg County, Texas, at the Court house of said County in Kingsville, Texas.

Said Plaintiff's Petition was filed in said Court on the **1st** day of **September, 2017** in this case, numbered **17-453-D** on the docket of said court and styled,

**COASTAL BEND ENTERPRISES LLC DBA
BIG HOUSE BURGERS AND BIG HOUSE BAR QUE
VS
EVANSTON INSURANCE COMPANY; BRUSH
COUNTRY CLAIMS, LTD AND MICHAEL COX**

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's
**PLAINTIFF'S ORIGINAL PETITION**

accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Kingsville, Texas, this the **7th** day of **September, 2017.**

JENNIFER WHITTINGTON, DISTRICT CLERK
KLEBERG COUNTY, TEXAS

By  _____
Amelia Carbajal, Deputy Clerk

CITATION FOR PERSONAL SERVICE – 105th DISTRICT COURT

### OFFICER'S RETURN

Came to hand on the _____ day of _____, 20 ___ at _____o'clock ___.M. and executed in _____County, Texas by delivering to each of the within named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the Plaintiff's Petition, at the following times, to wit:

| NAME | DATE | TIME |
|------|------|------|
|      |      |      |
|      |      |      |
|      |      |      |

And not executed as to the defendant

_____

and the information received as to the whereabouts of said defendant, being

_____

FEE-Serving $_____

_____

SHERIFF/CONSTABLE

_____County,Texas

By_____, Deputy

### CERTIFICATE OF DELIVERY

I do hereby certify that I delivered to _____

on the _____ day of _____, 20 ___ at _____o'clock ___.M. a copy of this instrument.

_____

SHERIFF/CONSTABLE

_____County, Texas

By_____, Deputy

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT.

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve a citation must sign the return. If he return is signed by a person other than a sheriff, constable, or the clerk of the court, the return must either be verified or signed under penalty of perjury. A return signed under penalty of perjury must contain the following statement:

My name is _____, my date of birth is _____, and my address is

_____.

### I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____County,State of _____, on the _____ day of

_____, 20_____.

_____

Declarant/ Authorized Process Server

_____

ID# & Expiration of Certification

CERTIFICATE OF SERVICE

The undersigned certifies that on the 7th _____ day of September, 2017  in

Cause No.  17-453-D _____   Styled:

> **COASTAL BEND ENTERPRISES LLC DBA**
> **BIG HOUSE BURGERS AND BIG HOUSE BAR**
> **QUE**
> **VS**
> **EVANSTON INSURANCE COMPANY; BRUSH**
> **COUNTRY CLAIMS, LTD AND MICHAEL COX**

in the 105th District Court of Kleberg County, Texas there was mailed by United States Certified

Mail, deliver to Addressee Only, Return Receipt Requested a true copy of  AFFIDAVIT AND

PROOF OF MAILING-FILING OF AN ORIGINAL PETITION   with a copy of the Citation in

said Cause to:

> EVANSTON INSURANCE COMPANY
> by serving COMMISSIONER OF INS C/O
> DAVID MATTAX with process to be forwarded to
> EVANSTON INSURANCE COMPANY
> 10 PARKWAY NORTH
> DEERFIELD, IL  60015

I further certify that attached hereto is the return receipt for said document.

This the 22nd day of September, 2017.

STATE OF TEXAS
COUNTY OF KLEBERG

I certify that the foregoing is a true and correct copy
of the original record on file in my office. Given
under my hand and seal of the court at my office in
Kingsville, Texas, this OCT. 12 2017

JENNIFER L. WHITTINGTON, DISTRICT CLERK

By _____ Deputy

| CLERK OF THE COURT | ATTORNEY FOR PLAINTIFF OR PLAINTIFF |
|---|---|
| **JENNIFER WHITTINGTON, DISTRICT CLERK**<br>P.O. Box 312<br>Kingsville, Texas 78364-0312 | MATTHEW R PEARSON, ATTORNEY AT LAW<br>425 SOLEDAD, SUITE 600<br>SAN ANTONIO, TEXAS  78205 |

### THE STATE OF TEXAS

**NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the Clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."**

To:   **MICHAEL COX**
      **P.O. BOX 8246**
      **CORPUS CHRISTI, TEXAS  78468**
                                                      Defendant, Greeting:

     YOU ARE HEREBY COMMANDED to appear by filing a written answer to Plaintiff's
              **PLAINTIFF'S ORIGINAL PETITION**

at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable District Court, 105th District of Kleberg County, Texas, at the Court house of said County in Kingsville, Texas.

       Said Plaintiff's Petition was filed in said Court on the **1st** day of **September, 2017** in this case, numbered **17-453-D** on the docket of said court and styled,

            **COASTAL BEND ENTERPRISES LLC DBA**
            **BIG HOUSE BURGERS AND BIG HOUSE BAR QUE**
            **VS**
            **EVANSTON INSURANCE COMPANY; BRUSH**
            **COUNTRY CLAIMS, LTD AND MICHAEL COX**

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's
              **PLAINTIFF'S ORIGINAL PETITION**

accompanying this citation and made a part hereof.

       The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

       Issued and given under my hand and seal of said Court at Kingsville, Texas, this the **7th** day of **September, 2017.**

                                    JENNIFER WHITTINGTON, DISTRICT CLERK
                                    KLEBERG COUNTY, TEXAS

                                    By _____
                                       Amelia Carbajal, Deputy Clerk

CITATION FOR PERSONAL SERVICE – 105th DISTRICT COURT

**OFFICER'S RETURN**

Came to hand on the _____ day of _____, 20 ___ at _____ o'clock ___.M. and executed in _____County, Texas by delivering to each of the within named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the Plaintiff's Petition, at the following times, to wit:

| NAME | DATE | TIME |
|------|------|------|
|      |      |      |
|      |      |      |
|      |      |      |
|      |      |      |

And not executed as to the defendant

_____

and the information received as to the whereabouts of said defendant, being

_____

FEE-Serving  $_____

_____
SHERIFF/CONSTABLE
_____County,Texas
By_____, Deputy

**CERTIFICATE OF DELIVERY**

I do hereby certify that I delivered to _____
on the _____ day of _____, 20 ___ at _____ o'clock ___.M. a copy of this instrument.

_____
SHERIFF/CONSTABLE
_____County, Texas
By_____, Deputy

### <u>COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF,CONSTABLE OR CLERK OF THE COURT.</u>

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve a citation must sign the return. If he return is signed by a person other than a sheriff, constable, or the clerk of the court, the return must either be verified or signed under penalty of perjury. A return signed under penalty of perjury must contain the following statement:

My name is _____, my date of birth is _____, and my address is _____.

### <u>I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.</u>

Executed in _____County,State of _____, on the _____ day of _____, 20_____.

_____
Declarant/ Authorized Process Server

_____
ID# & Expiration of Certification

CLERK OF THE COURT                                    ATTORNEY FOR PLAINTIFF OR PLAINTIFF

**JENNIFER WHITTINGTON, DISTRICT CLERK**                MATTHEW R PEARSON, ATTORNEY AT LAW
P.O. Box 312                                            425 SOLEDAD, SUITE 600
Kingsville, Texas 78364-0312                            SAN ANTONIO, TEXAS  78205

                            THE STATE OF TEXAS              **DUPLICATE**
                                                        **TO BE SERVED**
NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do
not file a written answer with the Clerk who issued this citation by 10:00 A.M. on the Monday next
following the expiration of twenty days after you were served this citation and petition, a default
judgment may be taken against you."

To:   MICHAEL COX
      P.O. BOX 8246
      CORPUS CHRISTI, TEXAS  78468
                                                                        Defendant, Greeting:

      YOU ARE HEREBY COMMANDED to appear by filing a written answer to Plaintiff's
                    **PLAINTIFF'S ORIGINAL PETITION**

at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of
this citation before the Honorable District Court, 105th District of Kleberg County, Texas, at the Court house of
said County in Kingsville, Texas.

        Said Plaintiff's Petition was filed in said Court on the  **1st**         day of  **September, 2017** in this case,
numbered  **17-453-D**   on the docket of said court and styled,

                    **COASTAL BEND ENTERPRISES LLC DBA**
                    **BIG HOUSE BURGERS AND BIG HOUSE BAR QUE**
                    **VS**
                    **EVANSTON INSURANCE COMPANY; BRUSH**
                    **COUNTRY CLAIMS, LTD AND MICHAEL COX**

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's
                    **PLAINTIFF'S ORIGINAL PETITION**

accompanying this citation and made a part hereof.

        The officer executing this writ shall promptly serve the same according to requirements of law, and the
mandates thereof, and make due return as the law directs.

        Issued and given under my hand and seal of said Court at Kingsville, Texas, this the___7th___day of
September, 2017.

                                            JENNIFER WHITTINGTON, DISTRICT CLERK
                                            KLEBERG COUNTY, TEXAS

                                            By _____
                                                Amelia Carbajal, Deputy Clerk

CITATION FOR PERSONAL SERVICE – 105th DISTRICT COURT

**OFFICER'S RETURN**

Came to hand on the _____ day of _____, 20 ___ at _____o'clock ___.M. and executed in _____County, Texas by delivering to each of the within named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the Plaintiff's Petition, at the following times, to wit:

| NAME | DATE | TIME |
|------|------|------|
|      |      |      |
|      |      |      |
|      |      |      |
|      |      |      |

And not executed as to the defendant

_____

and the information received as to the whereabouts of said defendant, being

_____

FEE-Serving  $_____

_____
SHERIFF/CONSTABLE
_____County,Texas
By_____, Deputy

**CERTIFICATE OF DELIVERY**

I do hereby certify that I delivered to _____
on the _____ day of _____, 20 ___ at _____o'clock ___.M. a copy of this instrument.

_____
SHERIFF/CONSTABLE
_____County,  Texas
By_____, Deputy

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT.**

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve a citation must sign the return. If he return is signed by a person other than a sheriff, constable, or the clerk of the court, the return must either be verified or signed under penalty of perjury. A return signed under penalty of perjury must contain the following statement:

My name is _____, my date of birth is _____, and my address is

_____.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.**

Executed in _____County,State of _____, on the _____ day of
_____, 20_____.

_____
Declarant/ Authorized Process Server

_____
ID# & Expiration of Certification

CERTIFICATE OF SERVICE

The undersigned certifies that on the 7th _____ day of September, 2017 in

Cause No. 17-453-D _____ Styled:

> **COASTAL BEND ENTERPRISES LLC DBA**
> **BIG HOUSE BURGERS AND BIG HOUSE BAR**
> **QUE**
> **VS**
> **EVANSTON INSURANCE COMPANY; BRUSH**
> **COUNTRY CLAIMS, LTD AND MICHAEL COX**

in the 105th District Court of Kleberg County, Texas there was mailed by United States Certified Mail, deliver to Addressee Only, Return Receipt Requested a true copy of AFFIDAVIT AND PROOF OF MAILING-FILING OF AN ORIGINAL PETITION with a copy of the Citation in said Cause to:

*Returned Not Served*

> MICHAEL COX
> P.O. BOX 8246
> CORPUS CHRISTI, TEXAS 78468

I further certify that attached hereto is the return receipt for said document.

This the 25 day of September, 2017.

JENNIFER WHITTINGTON, District Clerk
Kleberg County, Texas

By *Ruby Mendz Lopes*

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

7016 1970 0001 2034 4456

Certified Mail Fee $

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)  $
☐ Return Receipt (electronic)  $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required  $
☐ Adult Signature Restricted Delivery $

Postmark Here

Postage $  11.93   17-453-D

Total Postage and Fees
$

Sent To MICHAEL COX
P.O. BOX 8246
Street CORPUS CHRISTI, TEXAS 78468
City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MICHAEL COX
P.O. BOX 8246
CORPUS CHRISTI, TEXAS 78468

17-453-D

9590 9402 1818 6074 8093 85

2. Article Number (Transfer from service label)

7016 1970 0001 2034 445b

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
□ Agent
□ Addressee

B. Received by (Printed Name)      C. Date of Delivery

D. Is delivery address different from item 1?   □ Yes
   If YES, enter delivery address below:        □ No

3. Service Type
□ Adult Signature
□ Adult Signature Restricted Delivery
□ Certified Mail®
□ Certified Mail Restricted Delivery
□ Collect on Delivery
□ Collect on Delivery Restricted Delivery
□ Insured Mail
□ Insured Mail Restricted Delivery
   (over $500)

□ Priority Mail Express®
□ Registered Mail™
□ Registered Mail Restricted Delivery
□ Return Receipt for Merchandise
□ Signature Confirmation™
□ Signature Confirmation Restricted Delivery

Domestic Return Receipt

STATE OF TEXAS
COUNTY OF KLEBERG

I certify that the foregoing is a true and correct copy
of the original record on file in my office. Given
under my hand and seal of the court at my office in
Kingsville, Texas, this _Oct. 12 2017_

JENNIFER L. WHITTINGTON, DISTRICT CLERK

By _____ Deputy