IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| COASTAL BEND ENTERPRISES LLC, | § | |
| D/B/A BIG HOUSE BURGERS AND | § | |
| BIG HOUSE BAR BQ | § | |
|     Plaintiff | § | |
| | § | CIVIL ACTION NO. 2:17-cv-322 |
| V. | § | |
| | § | |
| EVANSTON INSURANCE COMPANY, | § | |
| BRUSH COUNTRY CLAIMS, LTD and | § | |
| MICHAEL COX, | § | |
| | § | |
|     Defendants | § | |

---

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

---

TO THE UNITED STATES DISTRICT JUDGE:

COMES NOW Plaintiff, COASTAL BEND ENTERPRISES LLC, D/B/A BIG HOUSE BURGERS AND BIG HOUSE BAR BQ ("Big House" and "Plaintiff") and files this First Amended Complaint against Defendants EVANSTON INSURANCE COMPANY ("Evanston" or "Insurance Defendant"), BRUSH COUNTRY CLAIMS, LTD ("Brush Country") AND MICHAEL COX ("Cox") (collectively "Adjusters") and would respectfully show the Court the following:

## I.    PARTIES

1. Plaintiff is a citizen of Texas.

2. Defendant Evanston Insurance Company is in the business of insurance in the State of Texas. The insurance business done by Evanston Insurance Company in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with the Plaintiff;

- The taking or receiving of applications for insurance, including the Plaintiff's application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiff; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiff.

3.    Defendant Evanston Insurance Company has made an appearance in this suit and, pursuant to the Federal Rules of Civil Procedure, may be served through its counsel of record.

4.    Defendant Brush Country, Ltd. is an Adjuster who engages in the business of insurance in Texas and is a citizen of Texas.  Brush Country, Ltd. has made an appearance in this suit and, pursuant to the Federal Rules of Civil Procedure, may be served through its counsel of record.

5.    Defendant Michael Cox is an Adjuster who engages in the business of insurance in Texas and is a citizen of Texas.  Michael Cox has made an appearance in this suit and, pursuant to the Federal Rules of Civil Procedure, may be served through his counsel of record.

## II.    Jurisdiction

6.    Plaintiff filed this lawsuit in the 105th Judicial District Court of Kleberg County, Texas. Defendants removed this case to federal court on October 13, 2017 on diversity jurisdiction grounds.  Plaintiff timely moved for remand based on lack of diversity.  Plaintiff's Motion to Remand is currently pending, and Plaintiff continues to contend that this court lacks jurisdiction and the case should be remanded.

7.    Plaintiff is a citizen of Texas.

8.    Defendant Evanston is a citizen of Illinois.

9.    Defendants Brush Country and Cox are citizens of Texas.

### III.    STATEMENT OF FACTS

10. This is a first-party insurance case stemming from extensive damage to Plaintiff's places of business and their contents caused by wind, water, electrical, and hail damage.

11. Plaintiff seeks damages for, breach of contract, violations of the Texas Insurance Code, and common law bad faith.  Plaintiff also seeks its attorney's fees, statutory penalties, costs of court and pre- and post-judgment interest.

12. Plaintiff Big House filed suit against Evanston Insurance Company, Brush Country Claims, Ltd, and Michael Cox to recover damages and benefits from its insurer and adjusters concerning a policy of insurance covering Plaintiff's businesses located in Kingsville, Kleberg County, Texas.

13. Plaintiff owns Big House Burgers and Big House Bar BQ located at 2209 S. Brahma Blvd, Kingsville, Texas and 109 S. Highway 77 Bypass, Kingsville, Texas.  The properties are covered by a policy, numbered 2CW1469, of insurance (the "Policy") which the Insurance Defendant sold to Plaintiff.  The Policy covered the properties, its contents, and the loss of business income, against loss by wind, hail and storm damage among other perils.  Defendant provided coverage to the Plaintiff for such buildings, properties, and other matters under the insurance policy described above.

14. As the consequence of a storm on May 31, 2016.  Plaintiff's properties sustained extensive wind, hail, electrical and water related damage to the exterior and interior.

15. Plaintiff has performed all conditions precedent to its recovery under the Policy.  Plaintiff gave timely notice to the carrier.

16. The carrier assigned the claim to the Adjusters, Cox and Brush Country, among others, to investigate, report on and adjust the loss.

17. The damage to Plaintiff's properties was open and obvious and would have been uncovered with an adequate investigation.

18. Plaintiff provided information to the Adjusters and opportunities for the Adjusters to inspect the properties.

19. The Defendants failed and refused to pay Plaintiff in accordance with their promises under the Policy.

20. Plaintiff has suffered property damage which has not been paid, even though the amounts are well-established and have been provided to Evanston.

21. Evanston has failed to make an attempt to settle Plaintiff's claim in a fair manner, although its liability to Plaintiff under the Policy is without dispute. This conduct is in violation of Tex. Ins. Code Sec. 541.060(a)(2)(A).

22. Evanston refused to fully compensate Plaintiff under the terms of the Policy even though Evanston failed to conduct a reasonable investigation. Evanston performed a result-oriented investigation of Plaintiff's claim which resulted in an unfair, biased and inequitable evaluation of Plaintiff's losses. This conduct is in violation of Tex. Ins. Code Sec. 541.060(a)(7).

23. Evanston failed to accept or deny Plaintiff's full and entire claim within the time period mandated by statute. This conduct is a violation of Tex. Ins. Code Sec. 542.056.

24. Evanston failed to meet its obligation under the Texas Insurance Code regarding payment of the claim without delay. This conduct is in violation of Tex. Ins. Code Sec. 542.058.

25. Plaintiff cooperated with Evanston yet Evanston made duplicative and unreasonable requests in order to delay paying Plaintiff for the covered damages from the storm. Evanston breached the policy of insurance by failing to pay for the covered damages to the properties. In

addition, Plaintiff seeks extra-contractual damages from Evanston for their handling of the claim. Plaintiff provided Evanston with more than adequate information to determine coverage.

26. The Insurance Defendant and the Adjusters forced Plaintiff to file this suit by offering substantially less than the amount of covered damages. This conduct violates Texas Insurance Code § 542.003(b)(5) and 28 TAC § 21.203(5).

## IV.    CLAIMS AGAINST EVANSTON INSURANCE COMPANY

27. **Declaratory Judgment.** Plaintiff re-alleges the foregoing paragraphs. Pursuant to Texas Civil Practices and Remedies Code, Chapter 37, Plaintiff seeks a declaration that the Policy provides coverage for the cost to repair the damaged properties, less only a deductible, among other things.

28. In the alternative, Plaintiff asserts that the Policy is ambiguous and must be interpreted in favor of coverage and against the Insurance Defendant.

29. **Breach of Contract**. Plaintiff re-alleges the foregoing paragraphs. The acts and omissions of Evanston and its agents constitute a breach and/or anticipatory breach of Evanston's contract with Plaintiff.

30. Plaintiff has satisfied all conditions precedent to the fulfillment of their contractual demands.

31. The damage to Plaintiff's properties caused by the storm is covered under the policy issued by Evanston, and Evanston has failed to pay for all covered damage.

32. Accordingly, additionally or in the alternative, Plaintiff brings an action for breach of contract against Evanston pursuant to Texas statutory and common law, including Chapter 38 of the Texas Civil Practice and Remedies Code, and seeks all of its damages for such breach,

including actual damages, consequential damages, attorneys' fees, prejudgment interest, other litigation expenses and costs of court.

33. **<u>Violations of the Texas Insurance Code.</u>**  Plaintiff re-alleges the foregoing paragraphs. At all pertinent times, Evanston was engaged in the business of insurance as defined by the Texas Insurance Code. The acts and omissions of Evanston and its agents constitute one or more violations of the Texas Insurance Code.

34. Specifically, Evanston failed to conduct a reasonable investigation and timely and fully pay Plaintiff for the damage to its properties.  Instead of evaluating the damage objectively, Evanston, through its agents, looked for ways to underpay Plaintiff's claim.

35. Evanston's conduct described herein violates the following provisions of the Texas Insurance Code:

    1. Insurance Code chapter 542, the Prompt Payment Act.

    2. Insurance Code § 542.003(b)(5) and 28 TAC § 21.203.

    3. Insurance Code chapter 541, section 541.060 by, among other things:

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which liability has become reasonably clear in order to influence Plaintiff to settle its claim with respect to another portion of the policy;

- refusing to pay Plaintiff's claim without conducting a reasonable investigation.

36. Where statements were made by the Insurance Company. Plaintiff reasonably relied upon them.  As a result of the foregoing conduct, which was and is the producing cause(s) of injury and

6

damage to Plaintiff, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages.

37. Moreover, one or more of the foregoing acts or omissions were "knowingly" made, entitling Plaintiff to seek treble damages pursuant to the Insurance Code.

38. Evanston has also violated the Prompt Payment Act, and Plaintiff seeks 18% damages as a penalty, plus reasonable and necessary attorney's fees incurred as a result of these violations.

39. **Common Law Bad Faith**.  Plaintiff re-alleges the foregoing paragraphs.  Evanston has refused to pay or delayed in paying a claim after liability has become reasonably clear. Evanston has refused to pay, delayed in paying or offered grossly inadequate and unconscionable sums to settle the claims submitted by Plaintiff.  This constitutes a breach of its common law duty of good faith and fair dealing' i.e., it is acting in "bad faith."

40. Moreover, Evanston has "investigated" and "adjusted" Plaintiff's claim in a malicious, intentional, fraudulent and/or grossly negligent fashion, and Plaintiff is entitled to extra-contractual damages, including exemplary damages.

41. Plaintiff has sustained serious damage to its properties as a result of Evanston's refusal to honor the Policy.  Evanston is well aware that its actions involve an extreme risk that Plaintiff will suffer financial damage as a result of its refusal to honor its obligations, yet it is consciously indifferent to Plaintiff's rights.

42. Plaintiff is entitled to recover its actual damages, consequential damages, punitive damages, and pre-and post-judgment interest.

43. **Attorney's fees.**  Plaintiff re-alleges the foregoing paragraphs.  Plaintiff has been required to engage the services of the undersigned attorneys and have agreed to pay its attorneys a reasonable fee for services expended and to be expended in the prosecution of its claims against

7

the Insurance Defendant through the trial court and all levels of the appellate process. Plaintiff

seeks the recovery of all of its attorney's fees and expenses.

44. With respect to all causes of action asserted herein, Plaintiff seeks the recovery of

prejudgment and post-judgment interest.

## V.    CLAIMS AGAINST BRUSH CLAIMS, LTD AND MICHAEL COX

45. **Violations of the Texas Insurance Code.** Plaintiff re-alleges the foregoing paragraphs.

At all pertinent times, Brush Country and Cox were engaged in the business of insurance as defined

by the Texas Insurance Code.

46. The acts and omissions of Brush Country, Cox and their agents constitute one or more

violations of the Texas Insurance Code. More specifically, Brush Country and Cox, among other

violations, violated the following provisions of the Code:

1. Insurance Code chapter 541, section 541.060 by, among other things:

- misrepresenting one or more material facts and/or policy provisions relating to coverage;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which liability has become reasonably clear in order to influence Plaintiff to settle his claim with respect to another portion of the policy;

- failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiff's claims;

- refusing to affirm or deny coverage within a reasonable time; and/or

- refusing to pay Plaintiff's claim without conducting a reasonable investigation.

47. The foregoing paragraphs are incorporated herein. The Insurance Defendant assigned the

loss and the claim to Brush Country and Cox who were at all pertinent times the agents of the

8

Insurance Defendant, through both actual and apparent authority. The acts, representations and omissions of Brush Country and Cox are attributed to the Insurance Defendant.

48. Despite having been assigned the claim, and despite being given authority and instructions to inspect, adjust and evaluate the claim, Brush Country and Cox failed and refused to adjust the claim properly.

49. Brush Country and Cox failed to adequately inspect the property and the damages, failed to request information, failed to fully investigate the claim, failed to respond to requests for information from Plaintiff, failed to timely evaluate the claim, failed to timely estimate the claim, and, failed to timely and properly report to the Insurance Defendant and make recommendations to the Insurance Defendant.

50. Plaintiff provided information regarding the loss and the claim to Brush Country and Cox. Plaintiff allowed Brush Country and Cox full and complete access to the property. Plaintiff provided sufficient information to Brush Country and Cox to adjust and evaluate the loss.

51. The damage to Plaintiff's properties was open and obvious damage which Brush Country and Cox would have uncovered, had they performed an adequate investigation.

52. Defendant Cox was informed of the damage to the roofs but failed to inspect the roofs at Plaintiff's properties for wind or hail damage.

53. In a letter sent to Defendants following the October 12, 2016 claims payment, Plaintiff informed Defendants of additional damages that had not yet been addressed including, but not limited to, the following:

- "The initial damage from the storm . . . , and not to mention some leaks to our roof that we have not yet found.  We might need a good rain to fall to locate the damage still."

- "Portions of the adjoining strip mall were found all over our rooftop and parking lot."

- "Our POS system took the main hit on [the day of the storm]."

- "We were unable to retrieve any sales from the day of the storm and lost many components on our software that had not been compromised prior to the storm."

- "We have now replaced our software, but are now seeing the effects of the electrical surge with our front of house system (FOH)."

- Damage to computers.

Plaintiff stated in the letter, "We believe these incidents to be directly related to the storm we had on May 31st as lingering effects."

54. Despite being provided repeated information regarding damages to the roofs and internal water leaks, Defendants Brush Country and Cox never followed up on the investigation.

55. Following a rainstorm at the second property, Plaintiff informed the carrier of roof damage, but Defendants Brush Country and Cox failed to inspect the roof despite the specific information regarding the covered damage to Plaintiff's roofs.

56. The Adjusters did not perform an adequate investigation and used the following tactics to pressure Plaintiff into accepting an unfair and inadequate payment for the covered damages.

57. Upon information and belief, Defendant Cox was aware through his limited investigation that the electrical and physical damage to Plaintiff's buildings occurred during the storm event. Despite this knowledge he falsely represented to Plaintiff that he would have to file two separate claims and incur two separate deductibles even though the adjuster knew that the damage occurred during the same storm event.  Despite the knowledge that the properties had sustained extensive damage due to the storm, the adjuster represented to Plaintiff that the damage was "not worth" pursuing in an attempt to dissuade Plaintiff from following up on the claim.  Cox made these representations without conducting a reasonable investigation to determine whether the statements

he made were true.  Specifically, because Cox failed to conduct an investigation, he did not create an estimate and would have no way to know that the damage was "not worth pursuing."

58. The covered damage to Plaintiff's buildings far exceeds the deductible.

59. Cox's representations regarding the amount of damage were false and his failure to conduct an investigation into the amount of the covered damage was unreasonable.  Because Cox performed his investigation on behalf of Brush Country and Evanston, his actions are attributable to them.

60. Where statements were made by the Brush Country and Cox, Plaintiff reasonably relied upon them.

61. Plaintiff made inquiries regarding the status of the loss and payment. Brush Country and Cox failed and refused to respond to the inquiries and failed to properly adjust the claim and the loss.  As a result, to this date, Plaintiff has not received full payment for the claim.

62. Brush Country and Cox's actions were reckless, willful and intentional, and were the proximate and producing cause of damages to the Insured.

63. As a result of the foregoing conduct, which was and is the producing cause(s) of injury and damage to Plaintiff, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages.

64. Moreover, one or more of the foregoing acts or omissions were "knowingly" made, entitling Plaintiff to seek treble damages pursuant to the Insurance Code.

65. Upon information and belief, Evanston Insurance Company relied solely on the Brush Country and Cox's estimate and recommendations in making payment on Plaintiff's claim.

66. Brush Country and Cox were responsible for scoping, adjusting, and estimating the claim. Brush Country and Cox's failure to properly scope and estimate the loss directly led to the underpayment of Plaintiff's claim.

67. Likewise, Brush Country and Cox's inadequate investigation lead to their recommendation to deny portions of Plaintiff's claim.

68. As a result of Brush Country and Cox's conduct, the Insurance Defendant significantly underpaid the claim.

## VI. CONDITIONS PRECEDENT

69. All conditions precedent for Plaintiff to recover under the Policy has been or will be met.

## VII. JURY DEMAND

70. Plaintiff requests that a jury be convened to try the factual issues in this action.

## VIII. PRAYER

WHEREFORE, Plaintiff seeks the following relief:

A.    The Court's declaration that the Policy provides coverage for the damage to Plaintiff's properties, less only a deductible;

B.    Alternatively, a ruling that the Policy is ambiguous and must be interpreted in favor of coverage and in favor of Plaintiff;

C.    Damages against Defendant Evanston Insurance Company for breach of contract, including actual damages, consequential damages, attorneys' fees, pre- and post-judgment interest, other litigation expenses and costs of court;

D.    Damages against Defendants Evanston, Brush Country, and Cox for Insurance Code and extra-contractual claims including actual, exemplary and/or treble damages;

E.    Penalty in the amount of 18% damages for violations of the Prompt Payment Act;

F.      Attorneys' Fees;

G.      Any other relief to which Plaintiff would be justly entitled.


                        Respectfully submitted,


                        By: _____
                            MATTHEW R. PEARSON
                            Attorney-In-Charge
                            State Bar No. 00788173
                            mpearson@gplawfirm.com
                            JONATHAN C. LISENBY
                            State Bar No. 24072889
                            jlisenby@gplawfirm.com

                            GRAVELY & PEARSON, L.L.P.
                            425 Soledad, Suite 600
                            San Antonio, Texas 78205
                            Telephone:  (210) 472-1111
                            Facsimile:  (210) 472-1110

                            **ATTORNEYS FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

      This is to certify that on the 12th day of January, 2018 a true and correct copy of the above and foregoing was served on the following persons pursuant to the Federal Rules of Civil Procedure:

Cyrus W. Haralson
Saira S. Siddiqui
*Thompson, Coe, Cousins & Irons, L.L.P.*
One Riverway
Suite 1400
Houston, Texas 77056

                          Matthew R. Pearson